PER CURIAM.
The Florida Bar Traffic Court Rules Committee (rules committee) petitions this Court to amend Florida Rule of Practice and Procedure for Traffic Courts 6.156. We have jurisdiction pursuant to article V, section 2(a), Florida Constitution.
Rule 6.156 establishes the Traffic Court Review Committee and defines the composition, terms, meeting schedule, and investigative responsibilities of the committee. Official notice of the proposed amendments to rule 6.156 was published in the December 15, 1991, issue of The Florida Bar News. The Traffic Court Review Committee (review committee) filed a response to the rules committee’s petition and submitted an alternative proposal for amending the rule.
The rules committee proposal increases member terms to four years, with members only eligible for reappointment to one consecutive term; requires that at least forty percent of the committee members be active county court judges; deletes the committee’s responsibility for investigating complaints of willful violations or evasions of the rules; and prohibits any committee member from serving as a director, officer, or employee of any program supervised by the review committee or regularly utilized by the traffic courts. The review committee’s alternative proposal contains similar provisions relating to the terms of members and the prohibited activities of members. However, the review committee’s proposal differs from the rules committee’s proposal on several points. The review committee’s proposal includes a specific listing of the committee’s responsibilities and retains the investigative function; provides that a certain number of representatives must be selected from specific interest groups; and permits county court judge representatives to be either active or retired judges.
We have considered the proposed changes submitted by the rules committee and the alternative submitted by the review committee, as well as the comments of interested parties. We adopt the appended amendments to rule 6.156 as submitted by the review committee. However, as proposed by the rules committee, we have deleted the investigative function and included a requirement that all county court judge representatives be active county court judges.
This Court previously declined to approve an amendment to rule 6.156 which would have mandated that forty percent of the committee members be county court judges because we found that the change “would create unnecessarily rigid restrictions that could exclude well-qualified candidates from serving on the committee.” In re Rules of Practice & Procedure for Traffic Courts, 536 So.2d 181, 182 (Fla. 1988). Guided by these same concerns, we decline to approve the rules committee’s proposed change requiring that forty percent of the committee be county court judges. However, we do approve the rules committee’s proposal that the county court judge representatives be active, sitting judges. Active county court judges have the most involvement with the administration, implementation, and application of the traffic court rules, and will bring this perspective to the committee.
*470 The rules committee also proposes to delete subsection (d) which authorizes the committee to investigate any “willful violation or evasion of the rules by a judge, official, clerk, or other court personnel.” Fla.R.Traf.Ct. 6.156(d). We agree with the rules committee that this disciplinary function is unnecessary as the Florida Rules of Judicial Administration already provide a vehicle to discipline judges or other officials who violate or evade the Rules for Traffic Courts. Florida Rule of Judicial Administration 2.050(g) provides that the chief judge of the circuit court shall report any neglect of duty to the chief justice of this Court, who in turn “may report the neglect of duty by a judge to the Judicial Qualifications Commission, and neglect of duty by other officials to the Governor of Florida or other appropriate person or body.”
Accordingly, rule 6.156 is amended as reflected in the appendix to this opinion. The new language is indicated by underscoring; deletions are indicated by strike-through type. These amendments shall take effect upon the release of this opinion.
It is so ordered.
BARRETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.
APPENDIX
RULE 6.156. REVIEW COMMITTEE
(a) Creation and Responsibilities. A committee is hereby established to be known as the Traffic Court Review Committee. Its members shall be appointed by the Supreme Court, — It shall be composed of at-least ten (10) members who shall serve without compensation, — The State Traffic Courts Director shall serve as Executive -Secretary of the committee. The committee shall be charged with the following responsibilities:
(1) to study and review the organization, procedure, administration, and operation of the traffic courts of this state;
(2) to consider the application and administration of the traffic rules and make recommendations to the supreme court for changes;
(3) to supervise and inspect DUI programs and develop minimum standards for their operation;
(4) to perform a liaison function with the legislature for the purpose ’ of providing information and advice on statutory changes affecting traffic court administration;
(5) to coordinate the functioning of the traffic court system with related executive branch agencies, such as the Department of Highway Safety and Motor Vehicles;
(6) to receive and consider, in its discretion, criticisms and suggestions from any source pertaining to the administration of the traffic courts; and
(7) to perform any other activities designated by the supreme court.
(b)~AIl appointments-shall be-for three year terms -or-until a successor is appointed, whichever is longer,
(e)-The Supreme Court shall-designate one of the members to- be chairman from time to time,-- The members of the Committee-shall be selected on-the basis of experience and interest in traffic adjudication, administration and safety, — When practicable the members shall include representation from the following:
(1)-The Florida Bar;
(2)~Gounty- court judges;
(3) Prosecuting attorney from the county level;
(4) Law enforcement;
(5)-County — court—elerks—and—deputy clerks;
(^-Administrative agencies such as the Department of Highway Safety and Motor Vehicles; and,
(7) The general public.
(b) Membership. The members of the committee shall be appointed by the supreme court. The chief justice of the supreme court, or a justice of the supreme court designated by the chief justice, shall be the ex officio advisor of the committee. The State Traffic Courts Director shall serve as executive secretary of the commit *471 tee. The chief justice shall designate one member to be chairperson of the committee. The chairperson shall serve at the discretion of the chief justice for a period not to exceed five years.
(1) The committee shall be composed of the following members, who shall serve without compensation:
(A) one chief judge;
(B) four active county court judges;
(C) one state attorney or assistant state attorney;
(D) one public defender or assistant public defender;
(E) one clerk or deputy clerk of the court;
(F) one representative of the department;
(G) one member of the general public, who is not actively engaged in the legal profession; and
(H) additional member(s) as determined by the supreme court.
(2) The supreme court shall make the following appointments effective January 1, 1993;
(A) one chief judge appointed for a term of 2 years;
(B) two county court judges appointed for terms of 4 years and 2 county court judges appointed for terms of 3 years;
(C) one state attorney or assistant state attorney appointed for a term of 3 years;
(D) one public defender or assistant public defender appointed for a term of 3 years;
(E) one clerk of the court or deputy clerk appointed for a term of 4 years;
(F) one representative of the department appointed for a term of 4 years; and
(G) one member of the general public appointed for a term of 3 years.
(3) No member of the committee shall serve as a director, officer, or employee of any DUI program.
(c) Terms. Terms of committee members serving prior to January 1, 1993, shall terminate upon that date. After the terms of the January 1, 1993, appointees have been completed, the terms of all appointed members shall be for a period of 4 years. However, when a vacancy occurs an appointment shall be made to fill the unexpired term. In no case may any member serve more than 2 consecutive 4-year terms. The term of any member shall terminate if that member is no longer a representative of the designated group. In such cases an appointment may be made for the remainder of the term. Any member who has missed more than half the full committee meetings during a previous term shall not be considered for reappointment.
(d) Meetings. The Ccommittee shall establish a regular meeting schedule and shall meet at least once annually on the call of the chairman and at such other times as the-ehairman or the Supreme Court may direetquarterly if funding is available. All matters or complaints coneerning-the administration of -these rules by Traffic Courts- shall be considered by the comroit-tee, — Any continued or willful violation or evasion of the rules by a judge, official) clerk — or other court personnel shall be brought to the attention of the Supreme Court, — If the Supreme Court deems-it proper, a contempt proceeding may be-initiated against the-judge,.official,-cler-l^or other court personnel, The-§upreme Court shall appoint a circuit judge from a different-judicial circuit to take evidence in-the matter and report his findings and-reeom-mendations to the Supreme Court, — Notice of the time and place of the hearing before the-eircuit judge-or the Supreme Court and a specification-of the alleged violation or evasion shall be given to the-judge,-official, clerk-or other court personnel complained against, — The rules applicable to criminal contempt proceedings shall apply to these proceedings, — After receiving the findings and recommendations of the circuit judge or-hearing the -matter itself, the Supreme Court-may punish any willful violation-or evasion of these-rules in the same manner as criminal contempts, — Until such-time-as the matter is -referred — to the Supreme *472 Court all such proceedings shall be confidential.