PER CURIAM.
The Court on its own motion[1] amends Florida Rule of Judicial Administration 2.050(h), Neglect of Duty, to clarify that it is the chief judge who shall report a neglect of duty under the rule to the Chief Justice of this Court. See Amendment to Fla. Rules of Practice & Procedure for Traffic Courts — Rule 6.156, 608 So.2d 469, 470 (Fla.1992) (recognizing in dicta that rule 2.050(g), now 2.050(h), provides that “the chief judge of the circuit court shall report any neglect of duty to the chief justice of this Court”).
The amendment is intended to reduce the number of unauthorized “reports of neglect of duty” submitted to the Court by pro se litigants. Accordingly, Florida Rule of Judicial Administration 2.050 is amended as reflected in the appendix to this opinion. New language is indicated by underscoring. The amendment shall become effective immediately upon the release of this opinion. However, because the Court did not publish the amendment for comment prior to its adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
Rule 2.050. Trial Court Administration
(a)-(g) [No Change]
(h) Neglect of Duty. The failure of any judge, clerk, prosecutor, public defender, attorney, court reporter, or other officer of the court to comply with an order or directive of the chief judge shall be considered neglect of duty and shall be reported by the chief judge to the chief justice of the supreme court. The chief justice may report the neglect of duty by a judge to the Judicial Qualifications Commission, and neglect of duty by other officials to the governor of Florida or other appropriate person or body.
(i) [No Change]

. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.130(a).

. An original and nine paper copies of all comments must be filed with the Court on or before May 1, 2006, along with a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. Electronic copies of all comments also must be filed in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004) (on file with Clerk, Fla. Sup. Ct).